**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**


CORNELIUS PAYNE, AIS #209377,[1]    :
                                    :
    **Plaintiff,**                    :
                                    :
**vs.**                             :   CIVIL ACTION 15-00354-KD-B
                                    :
CITY OF MOBILE POLICE               :
DEPARTMENT, et al.,                 :
                                    :
    **Defendants.**                   :

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Cornelius Payne, a Mobile County Metro Jail ("jail") inmate proceeding *pro se* and *in forma pauperis*, filed a complaint seeking relief under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint, it is recommended that this action be dismissed as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Complaint. (Doc. 1).**

Plaintiff used the Court-provided form to file his § 1983 complaint. (Doc. 1). In the space in Section III, which requires the plaintiff to list a defendant, Plaintiff merely inserted question marks in the spaces requesting the defendant's

---

[1]   Plaintiff notified the Court on December 11, 2015 that he was transferred to Kilby Correctional Facility, P.O. Box 150, Mount Meigs, Alabama 36057. (Doc. 8).

name, position, address, and claim.  (Id. at 5). As provided on
the form, "[t]he persons who are listed as defendants in section
III of the complaint are deemed by the court to be the only
defendants to this action."  (Id. at 1(D)).  In one space, Payne
provides the following supporting facts: "I was taken from my
home on 6-11-14 which was 2010 Hathcox St. Mobile Ala. 36617.
And taken to the Mobile Police Department.  The[y] placed [me]
in jail for an assault I did not do[.]"  (Id.).  Instead of
identifying a specific defendant in spaces provided for that
purpose on the form, Payne identifies two Defendants in the
style of the case, namely, City of Mobile Police Department and
Fox 10 News.  (Id. at 1).

In the space on the form that requires an explanation of
the claim, Payne provided a general description, which is set
out below in its entirety due to its brevity.

> I was arrested on 6-11-14 at 2010
> Hathcox St. Mobile Al, 36617 for Assault 1#
> degree.  I was then taken to the City of
> Mobile Police Department[,] where they
> question[ed] me of my [whereabouts].  I told
> them I was home and had actual witnesses
> that could prove my [whereabouts].  But the
> detective told me that she knew I had done
> it.  And told me that I would be in Jail for
> a long time.  I then told her I was willing
> to take a lie detector test.  She then said
> no need [as] she knew I did it[,] and I was
> taken to Jail.  I was then released on 6-24-
> 14.

(Id. at 4-5).  For relief, Payne requests "to be compensated for

the los[s] of [his] job[,] pain and suffering[,] and false imprisonment. . . . [and] to be released on the charges [he is] now on." (Id. at 7). Although Payne asserts that he was released, the envelope accompanying his complaint indicates he was a jail inmate when he filed the complaint, albeit apparently for a different reason. (Id. at 8).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Payne is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must

---

[2]   The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

show plausibility.   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"   Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).   But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."   GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct.

4

1937).   Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.   Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.   In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."   Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Discussion.

A. Requirements for Stating a § 1983 Claim.

In order to state a claim under § 1983, a  plaintiff  must show:  "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."   Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).   A § 1983 plaintiff must also causally connect a defendant's actions, omissions, customs, or policies to a deprivation of his constitutional rights in order to state a claim under § 1983. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).   These basic requirements for stating a viable § 1983 claim are not satisfied by Payne's allegations due to the nature of the

entities named as Defendants.

**B.   Defendant City of Mobile Police Department.**

"Sheriff's departments and police departments are not usually considered legal entities subject to suit."  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held."  FED.R.CIV.P. 17(b); see Dean, 951 F.2d at 1214 (dismissing an Alabama's sheriff's department because it is not an entity subject to suit); see Robinson v. Hogansville Police Dep't, 159 F. App'x 137, 138 (11th Cir. 2005) (unpublished) (reaffirming Dean, supra, with respect to a Georgia city police department).[3]

Likewise, in Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes.  Howard v. City of Demopolis, Ala., 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013) (DuBose, J.); Hawkins v. City of Greenville, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); see Mann v. Hillsborough Cnty. Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) ("[T]he police department is the vehicle through which the city fulfills its policing functions[, and,] [t]herefore, the Florida courts have found that the city police

---

[3]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

department is not a legal entity and has no legal existence separate and apart from the city."); Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) (same); Reese v. Chicago Police Dep't, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (same).

Inasmuch as Defendant City of Mobile Police Department is not a suable entity under Alabama law, the claim against Defendant City of Mobile Police Department is frivolous as a matter of law and is due to be dismissed.

**C.   Defendant Fox 10 News.**

Turning to the other Defendant, Fox 10 News, this entity is considered a private party that does not typically act under color of state law. However, to state a claim under § 1983, a plaintiff must establish that he was deprived of a constitutional right and "that the alleged deprivation was committed under color of state law. . . .[This] under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 984, 143 L.Ed.2d 130 (1999)(quoting Blum v. Yaretsky, 457 U.S. 991, 1002, 73 L.Ed.2d 534 (1982) (quotation omitted); see Parratt, 451 U.S. at 535, 101 S.Ct. at 1913 (same).  Therefore, to determine if a private party acts under color of state law, the United States Supreme Court uses three

tests:

> 1) the public function test; (2) the
> state compulsion test; and (3) the
> nexus/joint action test.  National
> Broadcasting Co., Inc. v. Communication
> Workers of America, AFL-CIO, 860 F.2d
> 1022, 1026 (11th Cir. 1988) (footnote
> omitted).  The public function test
> limits state action to instances where
> private actors are performing functions
> "traditionally the exclusive
> prerogative of the state."  NBC, 860
> F.2d at 1026 (citations omitted).  The
> state compulsion test limits state
> action to instances where the
> government "has coerced or at least
> significantly encouraged the action
> alleged to violate the Constitution."
> NBC, 860 F.2d at 1026 (citations
> omitted).  The nexus/joint action test
> applies where "the state has so far
> insinuated itself into a position of
> interdependence with the [private
> party] that it was a joint participant
> in the enterprise."  NBC, 860 F.2d at
> 1026-27 (citations omitted).

Willis v. University Health Servs., Inc., 993 F.2d 837, 840 (11th Cir.), cert. denied, 510 U.S. 976 (1993).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

In the present action, Payne's allegations contain no information that is consistent with an entity that is involved with the media.  Furthermore, Payne's allegations do not demonstrate that Defendant Fox 10 News acted under color of

state law because no allegations are present indicating that it performed a traditional state function, that it was coerced by the state, or that it was a joint participant with the state in business.  Thus, the Court concludes that Defendant Fox 10 News is not a state actor, and Payne's claim against Defendant Fox 10 News lacks an arguable basis in law and is, therefore, due to be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). Anderson v. Suiters, 499 F.3d 1228, 1233-34 (10th Cir. 2007) (finding the television news reporter and the company that owns the television station were not state actors); Nichols v. Hendrix, No.CIV 2:98-CV-161-WCO, 1999 WL 727233, at *2 (N.D. Ga. 1999) (unpublished) (finding that the media defendants did not act under color of state law); Williams v. Savannah Morning News, No. CV407-066, 2007 WL 2302327, at *1 (S.D. Ga. 2007) (unpublished) (finding a newspaper is not a state actor and cannot be liable for publishing the news, and noting that a defamation claim is not recognized under 42 U.S.C. § 1983).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on

9

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **17th** day of **December, 2015.**

10

                          /s/ Sonja F. Bivins
                  **UNITED STATES MAGISTRATE JUDGE**